IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**RANDALL SHANNON**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.                                      NO. _____

**NIKE, INC.,** *an Oregon Corporation*      **FLSA Opt-In Collective Action**
and **ADECCO, USA, INC.,**                 **JURY DEMANDED**
*A Delaware Corporation,*

    Defendants.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Randall Shannon ("Plaintiff"), individually, and on behalf of himself and all other similarly situated non-exempt, hourly-paid distribution employees as a collective class, brings this Fair Labor Standards Act ("FLSA") collective action against Nike, Inc. and Adecco USA, Inc. ("Defendants") and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated non-exempt, hourly-paid distribution employees as defined herein.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half times their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II.   PARTIES

4. Defendant, Nike, Inc. ("Defendant Nike"), is an Oregon Corporation with its principal address located at 1 SW Bowerman Drive, Beaverton, Oregon 97005-6453. Defendant Nike may be served with process via its registered agent United Agent Group, Inc. at 205 Powell Place, Brentwood, Tennessee 37027 or wherever it may be found.

5. Defendant, Adecco USA, Inc. ("Defendant Adecco"), is a Delaware Corporation with its principal address located at 10151 Deerwood Park Blvd, BDLG (Suite 400), Jacksonville, Florida 32256-0566. Defendant Adecco may be served with process via its registered agent CT Corporation System at 800 S. Gay Street, Knoxville, Tennessee 37929 or wherever it may be found.

6. Defendant Nike, Inc. and Adecco USA, Inc. are joint employers of Plaintiff and those similarly situated.

7. Plaintiff Randall Shannon has been employed by Defendants as a non-exempt, hourly-paid distribution employee within this district at all times material to this collective action. Plaintiff Shannon's "Consent to Join" form is attached as *Exhibit A*.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants conducted business in this district and Plaintiff was employed by and performed work for Defendants in this district during all times material to this action.

## IV.   CLASS DESCRIPTION

10. Plaintiff brings this action on behalf of himself and the following similarly situated persons

as a collective class:

> All current and former hourly-paid distribution employees of Defendants working in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter, including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  (Collectively, "the collective class").

## V.  COVERAGE

11. At all times hereinafter mentioned, Defendants have been the "employer" of Plaintiff and similarly situated hourly-paid distribution employees within the meaning of 29 U.S.C. § 203(d).

12. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) at all times mentioned hereinafter.

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Plaintiff and similarly situated hourly-paid distribution employees, as employees of Defendants, were engaged in commerce during all times material to this collective action.

15. Plaintiff and similarly situated hourly-paid distribution employees have been "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in

commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207 at all times hereinafter mentioned.

## VI.  FACTUAL ALLEGATIONS

16. Defendant Nike, Inc. is one of the largest retailers of sports-related products in the world. During all times material to this action, Defendant Nike has had distribution centers in the Shelby County, Tennessee area, including the Nike distribution facility at 3100 New Frazier Boulevard, Memphis, Tennessee, where Plaintiff was last employed by Defendants as an hourly-paid distribution employee.

17. Defendant Adecco is a temporary employment service that has provided workers to Nike distribution centers in and around Shelby County, Tennessee during all times material herein.

18. Defendants established and administered the pay practices of Plaintiff and similarly situated hourly-paid distribution employees inasmuch as Defendant Adecco compensated Plaintiff and other similarly situated distribution employees based on the monetary funds it received from Defendant Nike for the specific purpose of so compensating hourly-paid employees.

19. But for such funding from Defendant Nike, Defendant Adecco would have had no purpose in compensating Plaintiff and similarly situated hourly-paid distribution employees for the work they performed for Defendant Nike.

20. Defendant Nike received the benefit of the labor performed by Plaintiff and similarly situated hourly-paid distribution employees.

21. Defendant Nike suffered and permitted Plaintiff and similarly situated hourly-paid distribution employees to perform work for it.

22. Defendant Nike directed and instructed Plaintiff and similarly situated hourly-paid distribution employees in each facet of their work at their respective Nike distribution centers.

23. Defendant Nike determined who would be selected from Adecco's "pool" of workers to perform distribution work for them each day and who would not be selected.

24. Defendant Nike determined the means and methods, as well as the operational procedures, related to the work of Plaintiff and similarly situated hourly-paid distribution employees while performing job duties for it, during all times relevant to this action.

25. Defendant Nike determined the number of shifts and hours per shift of Plaintiff and hourly-paid distribution employees while performing job duties for it, during all times relevant to it.

26. Defendant Adecco was merely a conduit through which Defendant Nike selected a large segment of its work force, during all times material to this action.

27. Plaintiff and similarly situated hourly-paid distribution employees relied on the compensation they received for performing work for Defendant Nike for their economic dependence.

28. Plaintiff and other similarly situated hourly-paid distribution employees routinely performed distribution work for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

29. At all times material to this action, Defendant Adecco had a centralized time keeping system for the purpose of recording the compensable hours worked by Plaintiff and similarly situated hourly-paid distribution employees while performing job duties for

Defendant Nike – for which time keeping system Defendant Nike was jointly and vicariously responsible.

30. While performing job duties for Defendant Nike, Plaintiff and similarly situated hourly-paid distribution employees were compensated only for work performed from the beginning time of their scheduled shifts to the ending time of their scheduled shifts. That is, they were only compensated for their "shift time" regardless of any work performed before or after that pre-set time.

31. However, Plaintiff and those similarly situated badged-in immediately after clearing security and some ten (10) to fifteen (15) minutes prior to the beginning of their respective assigned shifts, (constituting the beginning of their "workday"), and at which point, they were subjected to Defendant Nike's safety and operational policies as well as under Defendant Nike's worker's compensation as they traversed the facility in an attempt to locate equipment and tools necessary to their job duties, as addressed next below.

32. Defendants had a common plan, policy and practice or requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and similarly situated hourly-paid distribution employees to perform work-related activities prior to the beginning of their assigned shifts, consisting of locating scanners, testing scanners, replacing batteries in scanners, locating markers and other work-related tools and equipment essential to the performance of their job duties, constituting more than a *de minimis* amount of work time, without compensating them for such pre-shift "off-the-clock" work-related activities at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

33. Plaintiff and similarly situated hourly-paid distribution employees did perform such

aforementioned work-related activities prior to the beginning of their work shifts within weekly pay periods during all times material without being compensated for such pre-shift activities at the applicable FLSA overtime rates of pay.

34. The aforementioned unpaid "off-the-clock" wage claims of Plaintiff and similarly situated hourly-paid distribution employees are unified through a common theory of Defendants' FLSA statutory violations.

35. Defendants' common plan, policy and practice of not compensating Plaintiff and collective class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

36. Defendants' failure to compensate Plaintiff and those similarly situated for such unpaid pre-shift work-related activities was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

37. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

38. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this case as a collective action on behalf of himself and collective class

members pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

40. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a centralized time keeping and pay system, as previously described, that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

41. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class and similarly subjected to Defendants' aforementioned unlawful time keeping and compensation plans, policies and practices.

42. Plaintiff and class members are similarly situated because their aforementioned unpaid "off-the-clock" wage claims are unified through a common theory of Defendants' FLSA violations.

43. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

44. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

45. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

46. Defendants knew Plaintiff and class members performed pre-shift "off-the-clock" compensable work within weekly pay periods during all times material to this action without compensating them at the applicable FLSA overtime rates of pay for all such "off-the-clock" time.

47. Defendants knew Plaintiff and class members' aforementioned "off-the-clock" time was compensable. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

48. Defendants' conduct and actions, as alleged herein, were willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

49. Defendants did not have a good faith basis for their failure to compensate Plaintiff and collective class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

50. Therefore, Defendants are liable to Plaintiff and collective class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime.

51. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

52. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining

Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

53. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' distribution centers.

54. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

55. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

56. At all times material, Plaintiff and collective class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

57. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

58. At all times material, Defendants were an "employer" of Plaintiff and each collective class members, as such term is defined by the FLSA.

59. Plaintiff and collective class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements during all times material to this action.

60. Plaintiff and other collective class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

61. As a result of Defendants' aforementioned common plan, policy and practice of requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and collective

       class members to perform pre-shift work, without compensating them for such time at the applicable FLSA overtime compensation rates of pay, Defendants have violated the FLSA and are liable to them for such unpaid "off-the-clock" overtime compensation.

62. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

63. Through its actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and collective class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

64. Defendants' conduct and actions were willful with reckless disregard to clearly applicable FLSA provisions.

65. Defendants' conduct and actions were not based on good faith.

66. The aforementioned unpaid "off-the-clock" overtime wage claims of Plaintiff and the collective class are unified through a common theory of Defendants' FLSA violations.

67. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and collective class members have suffered and will continue to suffer a loss of income and other damages.

68. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well

as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and collective class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and collective class members all unpaid overtime compensation against Defendants;

b) Award Plaintiff and collective class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates of pay;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and collective class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and collective class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: November 20, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY*
*SITUATED*